```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

CHRISTOPHER GASKIN,              :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :    CASE NO. 3:13cv1387(AWT)
                                 :
CASTRO, et al.,                  :
                                 :
    Defendants.                  :

## RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff, a Connecticut inmate proceeding pro se, filed this action against three doctors at the Connecticut Department of Correction alleging deliberate indifference to his medical needs. Pending before the court is the plaintiff's motion to compel. (Doc. #10.)

I. Motion to Compel

On May 5, 2014, the plaintiff filed this motion complaining that he had served the defendants with 10 production requests in February 2014 but they had not responded. (Doc. ##10, 16.) On May 20, 2014, Judge Thompson held a telephonic conference and referred the motion to compel to me. (Doc. ##12, 13.) On May 22, 2014, I scheduled telephonic oral argument for June 11, 2014. On May 29, 2014, the defendants filed a response to the motion to compel.[1] The defendants stated simply: "The defendants do not object to the

---

[1] Pursuant to Rule 7 of the Local Civil Rules of the United States District Court for the District of Connecticut, defendants' opposition to the plaintiff's motion was due within 21 days of the filing of the plaintiff's motion, which was May 26, 2014. This deadline appears on the docket. See doc. #10.

plaintiff's motion to compel. Compliance will be provided as ordered by Judge Thompson (June 4, 2014)."  (Doc. #15.)

The defendants took a different position during oral argument on June 11, 2014.  The defendants now said that they objected to certain of the plaintiff's requests.  They had served the plaintiff with a response to the discovery requests, answering some requests and objecting to others.  The defendants filed nothing with the court to elucidate which discovery requests they had answered, which ones they objected to, or their bases for any objections.  I ordered defendants to file a supplemental response to the plaintiff's motion by June 13, 2014 to address each of the plaintiff's discovery requests.

On June 13, 2014, the defendant filed a supplemental response. (Doc. #22.)  After telephonic oral argument on June 25, 2014, I rule as follows:

1. Production request 1: GRANTED. Defendants produced the plaintiff's entire medical file as requested.
2. Production request 2 seeks "administrative remedies" pertaining to the plaintiff's medical issues.  During oral argument, defense counsel stated that he expected these documents to be interspersed with the plaintiff's medical records.  The plaintiff said that he reviewed his medical file and the documents are not there. The request is GRANTED.  The defendants shall review their disclosures and make a good

2

faith effort to locate additional responsive documents. If there are no more responsive documents, the defendants must so state under oath.

3. Production request 3 seeks manuals or directives regarding the "standard of care" to be afforded inmates by DOC medical staff. During oral argument, after discussion, defense counsel stated that Administrative Directive 8.1 appears to be responsive to the request. Defendants will produce a copy to the plaintiff. The request is GRANTED.

4. Production requests 4 through 10 are denied as moot. The plaintiff stated on the record that he is not pressing these requests in light of the defendants' supplemental response.

II. Defendants' Motion for Extension of Time

On the day of the argument, June 25, 2014, defendants filed a motion seeking more time to file a motion for summary judgment.[2] (Doc. #24.) As the plaintiff correctly observed, June 25 was the court-ordered deadline for filing the motion for summary judgment.[3] Deadlines are meant to be observed. When a party seeks more time before a deadline has passed, the court may extend the deadline for

---

[2] This motion currently is pending before Judge Thompson. He has not referred it to me.

[3] Pursuant to the court's order, all discovery was to be completed by May 25, 2014 and dispositive motions were due June 25, 2014. (Doc. #5.)

good cause shown.  Fed. R. Civ. P. 6(b)(1)(A); D. Conn. L. Civ. R. 7(b)2.  "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension."  Id. When the time has expired, the court may extend a deadline when a party shows good cause for the extension and also establishes that the party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).

    The plaintiff objects to the motion for extension of time.  He points out that defendants failed to comply with earlier deadlines and give no justification for the extension.  He wants his case heard without further delay and intends to file an objection.

    SO ORDERED at Hartford, Connecticut this 27th day of June, 2014.

                                         _____/s/_____
                                         Donna F. Martinez
                                         United States Magistrate Judge